Gillman & Gillman, LLC
770 Amboy Avenue
Edison, New Jersey 08837
Phone (732) 661-1664
Attorney for Debtors
By: Justin M. Gillman, Esq.

Order Filed on August 23, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

Kenneth A. Jankoski
Lori A. Jankoski

Debtor(s).

Chapter:    13

Case No.:    15-20388

Hearing Date:

Judge: Hon. Christine M. Gravelle, U.S.B.J.

**ORDER AUTHORIZING SALE OF PROPERTY AT 726 MAPLE AVENUE,
PISCATAWAY, NEW JERSEY** ~~PURSUANT TO 11 U.S.C. § 363~~
**AND WAIVING 14 DAY STAY OF ORDER**

The relief set forth on the following pages, numbers two (2) through eight (8) is hereby

ORDERED.

**DATED: August 23, 2016**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

In Re: Kenneth A. Jankoski and Lori A. Jankoski
Case No: 15-20388

THIS MATTER having been brought before the Court by way of the Debtor's Motion for an Order Authorizing the Debtor to sell the Property at 726 Maple Ave., Piscataway, NJ 08854 ("Property"), Being known as Lot 32.01, Block 1416, pursuant to 11 U.S.C. §363(b) for the sum of $220,000.00; Justin M. Gillman, Esq., Gillman & Gillman, Esqs., appearing for the Debtors; and Notice of the within Motion having been given and parties having been given timely Notice of the Motion; and the Court having considered the submissions to it; and for Good Cause Shown;

WHEREFORE all parties who hold a lien or interest in the Property having consented to the sale of the Property, ~~pursuant to 11 U.S.C. §363 et seq.~~

WHEREAS, the Court having found as follows:

1. THAT the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. THAT as evidenced by the certificates of service filed with the Court, and based on the representations of counsel at the Sale Hearing: (i) proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided in accordance with Section 102(1), and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, 9007 and 9014; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing or the entry of this Order shall be required.

In Re: Kenneth A. Jankoski and Lori A. Jankoski
Case No: 15-20388

3. THAT the offer to purchase the Property is the highest and best offer received for the Property. The purchase price to be paid by Purchaser is fair and constitutes reasonably equivalent value for the Property.

4. THAT Purchaser is a purchaser in good faith, as that term is used in §363(m) of the Bankruptcy Code, with respect to the Property. The Contract for the Sale of the Property was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion and, therefore, Purchaser is entitled to the protections of §363(m) of the Bankruptcy Code with respect to the Property. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be voided under Section 363(n) of the Bankruptcy Code.

5. THAT the Debtor has articulated sound business reasons, as set forth in the Motion, for consummating the Sale of the Property, and it is a reasonable exercise of the Debtors' business judgment to consummate the Sale.

6. THAT the Debtor may sell, transfer and assign the Property to the Purchaser, ~~in accordance with §363(f) of the Bankruptcy Code~~. As a condition to purchasing the Property, Purchaser requires that: ~~(a) the Property be sold~~ free and clear of all Liens and Claims; ~~and (b)~~ Purchaser shall have no liability whatsoever for any obligations of or claims (including without limitation as defined in Section 101(5) of the Bankruptcy Code) against the Debtor, except as specifically provided in the Contract between the Debtor and Purchaser. Purchaser would not enter into the Contract and consummate the transaction to purchase the Property, thus adversely affecting the Debtors' estates, ~~if the sale to Purchaser was not free and clear of all Liens and~~

-3-

In Re: Kenneth A. Jankoski and Lori A. Jankoski
Case No: 15-20388

~~Claims or~~ if Purchaser was or would be liable for any obligations of or claims (including without limitation as defined in Sections 101(5) of the Bankruptcy Code) against the Debtors, except as otherwise explicitly provided in the Contract between the Debtor and Purchaser.

7. THAT the Debtor, Kenneth Jankoski, and non-debtor, James L. Jankoski are the sole and lawful owners of the Property. Accordingly, the transfer of the Property to Purchaser is or will be a legal, valid and effective transfer of the Property, and will vest Purchaser with all right, title and interest in and to the Property, except those explicitly and expressly assumed by Purchaser in the Contract between the Debtor and Purchaser.

8. THAT all objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are either resolved or overruled on the merits and denied.

IT IS ORDERED AS FOLLOWS:

9. THAT pursuant to §363(b) of the Bankruptcy Code, the Debtor is hereby authorized to sell and transfer the Property to Purchaser pursuant to and in accordance with the terms and conditions of the Contract and to take all other action as is necessary to effectuate all the terms of and to consummate the transaction, including to execute and deliver all documents, without any further corporate authorization or Court Order. ~~Pursuant to §363(f) of the Bankruptcy Code, title to the Property shall pass to Purchaser at closing, free and clear of any and all liens, security interests, claims, encumbrances and interests (including, but not limited to, any "claim" as defined in Section 101(5) of the Bankruptcy Code), reclamation claims, deeds of trust, pledges, covenants, restrictions, hypothecations, charges,~~ indentures, loan agreements,

-4-

In Re: Kenneth A. Jankoski and Lori A. Jankoski
Case No: 15-20388

~~instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any Court or foreign or domestic governmental entity, claims for reimbursement, contributions, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, causes of action and claims, to the fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims"), with all such Liens and Claims on the Property to be unconditionally released, discharged and terminated, with any valid Lien and Claims to attach only to the proceeds of sale with the same priority, validity, force and effect as they existed with respect to the Property before the Closing Date.~~

10. THAT Purchaser is hereby directed to comply with all provisions of the Contract, including the delivery of the Purchase Price to the Debtor on the Closing Date.

11. THAT the sale and transfer of the Property to Purchaser constitutes a legal, valid and effective transfer and shall vest Purchaser with all right, title and interest of the Debtor in and to the Property.

In Re: Kenneth A. Jankoski and Lori A. Jankoski
Case No: 15-20388

12. THAT this Order shall be binding upon, and shall inure to the benefit of the Debtor, Purchaser and their respective successors and assigns, including, without limitation, any Chapter 13 trustee hereinafter appointed for the Debtors.

13. THAT each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Assets conveyed to Purchaser.

14. THAT the provisions of this Order authorizing the sale of the Property and Assets free and clear of Liens and Claims shall be self-executing.

15. THAT Purchaser shall be entitled to the protection of §363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

16. THAT as provided by Fed. R. Bankr. P. 6004(g), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

17. THAT the liens on the Property shall be paid, avoided, released, discharged, at the time of the Closing Date as follows:

   a. Mortgage from Louis A. Jankoski and Josephine V. Jankoski, h/w to Spectrum Mortgage Company, a division of Summit Bank, Dated January 15, 1999, Recorded January 26, 1999 in Mortgage Book 5813, Page 217, to Secure $42,000.00. Upon information and belief, this mortgage is currently held and/or serviced by Bank of America Home Loans.

In Re: Kenneth A. Jankoski and Lori A. Jankoski
Case No: 15-20388

12. THAT this Order shall be binding upon, and shall inure to the benefit of the Debtor, Purchaser and their respective successors and assigns, including, without limitation, any Chapter 13 trustee hereinafter appointed for the Debtors.

13. THAT each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Assets conveyed to Purchaser.

14. THAT the provisions of this Order authorizing the sale of the Property and Assets free and clear of Liens and Claims shall be self-executing.

15. THAT Purchaser shall be entitled to the protection of §363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

16. THAT as provided by Fed. R. Bankr. P. 6004(g), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

17. THAT the liens on the Property shall be paid, avoided, released, discharged, at the time of the Closing Date as follows:

    a. Mortgage from Louis A. Jankoski and Josephine V. Jankoski, h/w to Spectrum Mortgage Company, a division of Summit Bank, Dated January 15, 1999, Recorded January 26, 1999 in Mortgage Book 5813, Page 217, to Secure $42,000.00. Upon information and belief, this mortgage is currently held and/or serviced by Bank of America Home Loans.

In Re: Kenneth A. Jankoski and Lori A. Jankoski
Case No: 15-20388

      b.    Tax Sale Certificate ("TSC") Sold to PFS Financial 1, LLC US Bank as Cust, Certificate No. 15-0078, dated October 19, 2015, recorded in Mortgage Book 16215, Page 41, in the amount of $ 1,819.75, plus penalties and interest. Said TSC to be paid and redeemed at the time of closing together with all outstanding property taxes and/or municipal lines on the Property.

      c.    Judgment No. DJ-112018-2013 entered by the New Jersey Division of Taxation ("NJDOT") against the Debtor, Kenneth Jankoski, docketed June 13, 2013, in the original amount of $6,021.73. The NJDOT filed a secured claim relating to this Judgment. The balance of the judgment will paid and satisfied at or prior to closing and warrant of satisfaction recorded.

    18.    THAT to the extent that there are any other liens on the Property which are not addressed herein, funds shall be held in escrow pending further Order of this Court.

    19.    THAT the Closing Agent is authorized to make distributions to the non-debtor owner, James L. Jankoski, and to the beneficiaries pursuant to the Deed from Josephine Jankoski, widow, to Kenneth Jankoski and James L. Jankoski, dated October 11, 2005, recorded November 2, 2005 in the Middlesex Clerk/Registers Office in Deed Book 5576, Page 598.

    20.    THAT Gillman & Gillman, LLC, counsel for Debtor shall provide an estimated amount of supplemental fees for which it will seek allowance by the Court at the time of closing. Said amount shall be held in the trust account of counsel for the Debtors until this Court enters an Order Allowing Fees.

In Re: Kenneth A. Jankoski and Lori A. Jankoski
Case No: 15-20388

21. THAT the appointed Realtor, Re/Max Diamond Realtors, shall be paid a commission of five percent (5%) of the sale price of $220,000.00 at closing in accordance with the Order Authorizing Retention entered in this case.

22. THAT, upon the entry of the Order Appointing Special Counsel, Slavin Morse, LLC, shall be paid an allowed counsel fee. To the extent that any Order has not been entered allowing such fee, Slavin Morse, LLC may hold in its trust account until this Court enters an Order Allowing Fees.

23. THAT the sum of $25,000.00 shall be paid to Albert Russo, Standing Chapter 13 Trustee, in accordance with the Order Confirming Modified Plan, from the remaining net proceeds of Kenneth Jankoski.

24. THAT the remaining net proceeds of the interest of Kenneth Jankoski per the Deed, shall be distributed to the Debtor, Kenneth Jankoski.

25. THAT the sale of the Debtor's property is made in accordance with 11 U.S.C. §363 and therefore there shall be no payment of the Realty Transfer Tax at the time of closing as the sale of the Debtor's Property is made "by a receiver, trustee in bankruptcy or liquidation, or assignee for the benefit of creditors" in accordance with N.J.S.A. §46:15-10(g).

26. THAT all parties who have liens or other interests in the Property having been served in accordance with Bankruptcy R. 6004 and 9014, the 14-day stay of this Order provided for by Bankr. Rule 6004(h) is hereby WAIVED.

27. THAT a true copy of this Order shall be served on all parties-in-interest by regular, first class mail within seven (7) days of the date hereof.

United States Bankruptcy Court
District of New Jersey

In re:
Kenneth A. Jankoski
Lori A. Jankoski
    Debtors

Case No. 15-20388-CMG
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 1     Date Rcvd: Aug 23, 2016
                        Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 25, 2016.
db/jdb         +Kenneth A. Jankoski,    Lori A. Jankoski,    186 Zwolak Court,    South Plainfield, NJ 07080-3969

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                                          TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 25, 2016                                                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 23, 2016 at the address(es) listed below:
           Albert    Russo    docs@russotrustee.com
           Albert    Russo (NA)    on behalf of Trustee Albert    Russo docs@russotrustee.com
           Alexandra T. Garcia    on behalf of Creditor    Bayview Loan Servicing, LLC NJECFMAIL@mwc-law.com
           Alexandra T. Garcia    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED
            LIABILITY COMPANY NJECFMAIL@mwc-law.com
           Alexandra T. Garcia    on behalf of Creditor    Kondaur Capital Corporation NJECFMAIL@mwc-law.com
           Alexandra T. Garcia    on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited
            Liability Company NJECFMAIL@mwc-law.com
           Denise E. Carlon    on behalf of Creditor    Bayview Loan Servicing, Et Al...
            bankruptcynotice@zuckergoldberg.com,    bkgroup@kmllawgroup.com
           John R. Morton, Jr.    on behalf of Creditor    AmeriCredit Financial Services, Inc. dba GM
            Financial mortonlaw.bcraig@verizon.net,    donnal@mortoncraig.com;mhazlett@mortoncraig.com
           Joshua I. Goldman    on behalf of Creditor    Bayview Loan Servicing, Et Al...
            jgoldman@kmllawgroup.com,    bkgroup@kmllawgroup.com
           Justin M Gillman    on behalf of Joint Debtor Lori A. Jankoski abgillman@optonline.net
           Justin M Gillman    on behalf of Debtor Kenneth A. Jankoski abgillman@optonline.net
                                                                                                                TOTAL: 11